IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. WHITE, #13888-084, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 18-cv-01347-SMY |
| | ) |
| WILLIAM TRUE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner William White, an inmate who is currently incarcerated at the United States Penitentiary located in Marion, Illinois ("USP-Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner seeks expungement of a disciplinary ticket (Incident Report #2998232) and restoration of 15 days of good conduct credit. (Doc. 1, pp. 2, 7). This matter is now before the Court for preliminary review of the habeas petition.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the Rules to other habeas corpus cases. The petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 and shall receive further review.

## Habeas Petition

Petitioner challenges a disciplinary ticket (Incident Report #2998232) that he received on June 13, 2017. (Doc. 1, p. 2). The ticket was issued shortly after he attempted to email a

1

manuscript entitled *White Nationalist Counter-Intelligence Manual* to the co-owners of several publishing companies that previously published his work. *Id*. In the manuscript, Petitioner described how systems of coding and encryption are designed and used. (Doc. 1, pp. 8-22). He provided several examples. *Id*. However, the manuscript allegedly contained no "specific system of coding" or instructions for using code to communicate with him. (Doc. 1, p. 3).

In connection with this attempted communication, Petitioner received the disciplinary ticket now at issue. (Doc. 1, p. 2). The ticket cited violations of BOP PS 5270.09 and, more specifically, Code 196 for using mail for an illegal purpose (fraud), Code 296 for using mail for abuses other than criminal conduct (codes), and Code 334 for conducting a business (directing a business transaction). *Id*. At a disciplinary hearing conducted in October 2017, Petitioner was found guilty of attempting to violate Code 296. *Id*. He was punished with 15 days of lost good conduct credit, among other things. *Id*.

Petitioner challenged the decision of the disciplinary hearing committee, but was unsuccessful. (Doc. 1, p. 2). His appeal was denied at the institutional level on December 5, 2017, by the Bureau of Prisons ("BOP") North Central Regional office on February 7, 2018, and by the BOP Central Office on March 9, 2018. (Doc. 1, p. 3).

Petitioner now objects to the disciplinary action taken against him on two grounds. (Doc. 1, p. 3). First, he argues that insufficient evidence supported the disciplinary committee's decision. (Doc. 1, pp. 3-4). Second, he challenges the constitutionality of Code 296A under the First Amendment. (Doc. 1, p. 6).

## Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475,

490 (1973). A claim for restoration of wrongfully revoked good conduct credit is properly pursued under § 2241. *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011); *Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir. 1994). Without commenting on the merits of Petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.

### Disposition

**IT IS HEREBY ORDERED** that Respondent True shall answer or otherwise plead within thirty days of the date this order is entered (on or before September 17, 2018).[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

**IT IS SO ORDERED.**

**Dated: August 17, 2018**                                     **s/ STACI M. YANDLE**
                                                                **District Judge**
                                                                **United States District Judge**